# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-02512-RBJ

AMERICAN PRODUCE, LLC, a limited liability company,

        Plaintiff,

v.

MI PUEBLO LATIN MARKET, INC., a corporation a/t/a
MI PUEBLO LATIN MARKET, a/t/a MI PUEBLO MARKET;
JAIME A. CUEVA, an individual;  DANEEN CUEVA, an individual,

        Defendants.

## ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS

Having read and considered the Settlement Agreement and Stipulation for Entry of Judgment submitted by Plaintiff AMERICAN PRODUCE, LLC, a limited liability company ("Plaintiff" or "American") and Defendants MI PUEBLO LATIN MARKET, INC., a corporation a/t/a MI PUEBLO LATIN MARKET a/t/a MI PUEBLO MARKET ("Mi Pueblo"); JAIME A. CUEVA, an individual ("JAC") and; DANEEN CUEVA, an individual ("DC") (JAC and DC are collectively referred to herein as the "Individual Defendants", and all other pleadings and papers on file herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Settlement Agreement and Stipulation for Entry of Judgment is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Findings of Fact upon such terms and conditions as provided in the Settlement Agreement and Stipulation.

1. Plaintiff is, and during all times mentioned herein has been, a limited liability company organized and operating under the laws of the State of Colorado.

2. Plaintiff is, and during all times mentioned herein has been, duly licensed by the U.S. Department of Agriculture, operating under Perishable Agricultural Commodities Act ("PACA") license no. 20020775.

3. Defendant Mi Pueblo Latin Market, Inc. is a corporation organized and existing under the laws of the State of Colorado which is, and during all times mentioned herein was, also trading as Mi Pueblo Latin Market and also trading as Mi Pueblo Market, collectively referred to herein as "Mi Pueblo."

4. During all times mentioned herein, Mi Pueblo has operated as a buyer of perishable agricultural commodities and has been duly licensed by the U.S. Department of Agriculture, operating under PACA license no. 20131034.

5. At all times relevant herein, Mi Pueblo was engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as a dealer and/or retailer as defined therein.

6. By virtue of purchasing perishable agricultural commodities in wholesale and jobbing quantities, and by virtue of operating under PACA license no. 20131034, Mi Pueblo is, and during all times mentioned herein has been, subject to PACA and its rules and regulations, including without limitation the PACA trust provisions set forth at 7 U.S.C. §499e *et seq.*

7. The Individual Defendants are, and during all times referred to herein were, responsible for the daily management and control of Defendant Mi Pueblo.

8. The Individual Defendants are, and during all times mentioned herein were, listed on Mi Pueblo's PACA license as Reported Principals of Mi Pueblo.

9. The Individual Defendants are, and during all times referred to herein were, insiders with actual and constructive knowledge of the PACA trust and who are and were during all times referred to herein in a position to control the PACA trust assets that are the subject of this Agreement and Stipulation and the complaint filed in the above captioned matter.

10. In a series of transactions between on or about May 10, 2013 and August 26, 2013, Plaintiff sold and shipped perishable agricultural commodities to Defendant Mi Pueblo, for which Mi Pueblo agreed to pay Plaintiff in the principal amount at least as great as the sum of $202,580.95.

11. Payment for each invoice was due within 10 days from the date on which the load was received by Defendants. All invoices are past due.

12. All commodities described at paragraph 10, above, were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

13. All commodities described at paragraph 10, above, were received and accepted by Defendant Mi Pueblo without objection.

14. Plaintiff has taken all steps necessary to properly preserve Plaintiff's PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described at paragraph 10, above, and all sums due Plaintiff from Defendants for said produce sales qualify for protection under the PACA trust statute.

15. Defendants have failed to pay Plaintiff for the PACA balances due as described above, in the principal amount due of $202,580.95, the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

16. Defendants, and each of them, are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of Plaintiff as a PACA trust beneficiary of Defendants and have breached their obligations as statutory trustees by failing to preserve

the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff.  Defendants are therefore liable, jointly and severally, to Plaintiff for such breach.

17. The total principal amount due under this Agreement and Stipulation is $202,580.95, plus interest, costs and fees as set forth elsewhere herein, all of which qualifies for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

18. Prior to the sales transactions that are the subject of this Agreement and Stipulation, Plaintiff and Defendants entered into a written agreement which, among other things, provided recovery of finance charges on past due sums at the rate of 1.5% per month (18% annually) plus reasonable attorneys' fees incurred in connection with collecting the sums due.  Plaintiff is, therefore, entitled to recover finance charges at the annual rate of 18% plus attorneys' fees as part of Plaintiff's PACA trust claim.

IT IS FURTHER ORDERED that in the event of default as contemplated by the Stipulation, Plaintiff may apply to this Court, on an *ex parte* basis in compliance with applicable Local Rules of the United States District Court for the District of Colorado, with five (5) business days advance written notice to Defendants, for immediate entry of the Judgment contemplated by the Stipulation, subject only to Defendants' right to object to entry of judgment based solely upon the following grounds, and no others:  (a) whether a default has in fact occurred, as such default is contemplated herein; or, (b) whether any sums acknowledged by Plaintiff as having been received prior to default are accurate. Said judgment shall be in the form set forth in Exhibit 2 attached to the Stipulation except that the judgment amount shall reflect the amounts due pursuant to the Stipulation less any sums received by Plaintiff prior to default. If Defendants intend to object to entry of the judgment under this paragraph, Defendants' notice of objection and any related pleadings shall be filed and served on an *ex parte* basis in compliance with applicable Local Rules of the United States District Court for the District of Colorado, if any. Failure to file and serve any such notice of objection within such period will be deemed

Defendants' admission of default and consent to Plaintiff's right to immediately commence enforcement of judgment.

IT IS FURTHER ORDERED that so long as Defendants are not in default of the terms of the Stipulation for Entry of Judgment as contemplated therein, Plaintiff shall take no steps whatsoever to seek entry of said Judgment.

IT IS FURTHER ORDERED that the U.S. District Court for the District of Colorado, shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Settlement Agreement and Stipulation and to enter and enforce judgment hereon.

IT IS FURTHER ORDERED that this action shall be administratively closed without prejudice pending payment of the sums due hereunder and subject to immediate reopening upon Plaintiff's *ex parte* application to seek entry and enforcement of the judgment as set forth above.

IT IS FURTHER ORDERED that the parties shall file a Joint Status Report with this Court on or before March 7, 2014 which shall advise the court of the status of payments.

IT IS FURTHER ORDERED that upon receipt of full payment as contemplated by the Settlement Agreement and Stipulation and this Order, Plaintiff shall file a Notice of Dismissal with prejudice of this Civil Action No. 13-cv-02512 in its entirety, and dismissing with prejudice all claims for relief brought by the Plaintiff against all Defendants in the Civil Action.

SO ORDERED.

DATED this 10th day of October, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge